UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL WAYNE SKAGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2220 HEA |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner appears to be a pretrial detainee at Fulton State Hospital. Petitioner alleges that his right to speedy trial has been violated by his admission to a state psychiatric facility. For the reasons outlined below, the petition will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have

found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

Although petitioner asserts that his right to speedy trial has been violated, he admits that he is currently undergoing examination for competency to stand trial at Fulton State Hospital. Although petitioner claims that the State-appointed doctors are "taking their time" in assessing his competency, he has not articulated the means by which he has addressed this argument, as well as its purported infringement on his right to a speedy trial, in state court. Nor has petitioner outlined his attempts to bring this matter to the attention of his appointed attorney or the judge overseeing his criminal proceedings.

As such, the grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 8th day of February, 2012.

                                HENRY EDWARD AUTREY
                                UNITED STATES DISTRICT JUDGE